**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EQUAL EMPLOYMENT OPPORTUNITY    )
  COMMISSION,    )
    )
          Plaintiff,    )
    )    CIV No.
    )
    )
      v.    )    **COMPLAINT**
    )
DXP ENTERPRISES, INC.,    )    **AND**
D/B/A DXP SAFETY ALLIANCE, INC.    )
          Defendant.    )    **JURY TRIAL DEMAND**
_____)

**NATURE OF THE ACTION**

       This is an action under Title I of the Americans with Disabilities Act of 1990, Title I of the Civil Rights Act of 1991 and the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of disability and age, and to provide appropriate relief to Connie Brooks who was adversely affected by such practices.  As alleged with greater particularity below, Defendant discriminated against Ms. Brooks by discharging her because of a disability, including regarding her as disabled.  Defendant also discriminated against and discharged Ms. Brooks because of the intersection of her perceived disability and her age.

**JURISDICTION AND VENUE**

       1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e-5(f)(1) and (3) and by Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S. C.§626 (b) ( the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and the ADEA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3) and by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant DXP Enterprises, Inc., doing business as DXP Safety Alliance ("Defendant" or "DXP"), was a Texas corporation, continuously doing business in the State of  New Mexico and the City of Farmington, and had at least 15 employees.

5.      At all relevant times, Defendant  has continuously been an employer  engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h) and under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

2

6.     At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## GENERAL ALLEGATIONS

7.     More than thirty days prior to the institution of this lawsuit, Connie Brooks filed a charge with the Commission alleging violations of Title I of the ADA and of the ADEA by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     The Commission investigated Ms. Brooks' charge of discrimination.

9.     Based on evidence adduced during its investigation, the Commission issued a determination finding reasonable cause to believe Defendant had engaged in certain unlawful employment practices identified in the determination.

10.     The Commission's determination letter included an invitation for Defendant to join with the Commission in an attempt to eliminate the alleged unlawful employment practices through informal methods of conciliation.

11.     As part of the conciliation process, the Commission provided Defendant a proposal detailing the kinds of relief the Commission felt was necessary to eliminate the alleged unlawful employment practices.

12.     Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADA and ADEA through informal methods of conciliation, conference and persuasion within the meaning, respectively, of Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3), and of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

13.     The Commission and Defendant were unable to reach agreement in the conciliation process.

14.     After the conciliation efforts were unsuccessful, the Commission sent notice to Defendant that conciliation had failed.

15.     Since at least May 2008, Defendant  has engaged in unlawful employment practices at its facility in Albuquerque, New Mexico, in violation of Title I of the ADA , Sections 102(a) and102(b)(1),  42 U.S.C. §§ 12112(a) and (b)(1) and Sections 4(a)(1) and 4(a)(2) of the ADEA, 29 U.S.C. §§ 623 (a)(1) and 623(a)(2).

16.     Connie Brooks broke her back in 2005.

17.     Related to her broken back, Ms. Brooks has avoided heavy lifting.

18.     At all relevant times, Connie Brooks was age 52.

19.     In May 2008, Lavonne Howell was a supervisor for DXP's Farmington, New Mexico facility.

20.     On May 8, 2008, DXP hired Connie Brooks for an Inside Sales position at DXP's Farmington facility.

21.     On about May 15, 2008, Defendant Employer discharged Connie Brooks.

22.      When she discharged Connie Brooks, Defendant's Supervisor Lavonne Howell mistakenly believed that Connie Brooks had a physical impairment that substantially limits one or more major life activities, including the activities of lifting and working.

23.     When she discharged Connie Brooks, Defendant's Supervisor Lavonne Howell mistakenly believed that an actual, non-limiting impairment that Connie Brooks had substantially limited major life activities, including the activities of lifting and working.

4

24.     Supervisor Lavonne Howell regarded Connie Brooks as substantially limited in her major life activities, including the activities of lifting and working.

25.     Throughout her employment at DXP, Connie Brooks was a qualified individual with a disability within the meaning of Section 101 of the ADA, 42 U.S.C. § 12111(8).

## FIRST CLAIM FOR RELIEF
### (Discharge – 42 U.S.C. §§ 12112(a) and (b)(1))

26.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

27.     Connie Brooks was regarded as disabled as defined in the ADA.

28.     Connie Brooks was able, with or without reasonable accommodation, to perform the essential functions of the Inside Sales position she was hired for at DXP Safety.

29.     Defendant was aware that Connie Brooks had broken her back prior to her discharge at DXP Safety.

30.     Defendant discharged Connie Brooks because it regarded her as "high-risk" due to her former back injury.

31.     Defendant's discharge of Connie Brooks violated Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

32.     Defendant's discharge of Connie Brooks caused her to be limited, segregated, or classified in a manner that adversely affected her opportunities and status as an employee because of disability in violation of Section 102(b)(1) of the ADA, 42 U.S.C. § 12112(b)(1).

33.     Defendant's discharge of Connie Brooks was intentional.

34.     Defendant's discharge of Connie Brooks was malicious and/or done with reckless indifference to Ms. Brooks federally protected rights.

5

35.    The effect of the practices complained of in the foregoing paragraphs has been to deprive Connie Brooks of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

## SECOND CLAIM FOR RELIEF
**(Discharge Based on Intersection of Disability and Age – 42 U.S.C. §§ 12112(a) and (b)(1) and 29 U.S.C.  §§ 623(a)(1) and (a)(2))**

36.    The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

37.    By discharging Connie Brooks because of the intersection of her age and the Defendant's regarding of Brooks as disabled, Defendant violated Sections  4(a)(1) and 4(a)(2) of the ADEA, 29 U.S.C. §§ 623(a)(1) and (a)(2) and Sections 102(a) and 102(b)(1) of the ADA, 42 U.S.C. §§ 12112(a) and (b).

38.    The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

39.    Defendant intentionally discriminated against Ms. Brooks based upon the intersection of her age and Defendant's regarding her as disabled in violation of  Sections 4(a)(1) and 4(a)(2) of the ADEA, 29 U.S.C. §§ 623(a)(1) and (a)(2) and Sections 102(a) and 102(b)(1) of the ADA,  42 U.S.C. §§ 12112(a) and (b)(1).

40.    Defendant's discriminatory treatment of Ms. Brooks and discharge of Ms. Brooks was done with malice or reckless indifference to her federally protected rights.

41.    The effect of the practices complained of in the foregoing paragraphs has been to deprive Connie Brooks of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability and her age.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees or applicants because of disability.

B.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents servants, employees, attorneys, and all persons in active concert or participation with it from discriminating against any individual because of age

C.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D.     Order Defendant Employer to institute and carry out policies, practices, and programs which ensure that employees and any other individuals are not discriminated against based on age.

E.     Order Defendant to make whole Connie Brooks by providing appropriate back pay and benefits with prejudgment interest, in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement with all attendant rights and benefits, or front pay in lieu thereof.

F.     Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Connie Brooks.

7

G.    Order Defendant Employer to make whole Connie Brooks by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices above, including job search expenses and other pecuniary losses, in amounts to be determined at trial.

H.    Order Defendant to make whole Connie Brooks by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

I.    Order Defendant to pay Connie Brooks punitive damages for its malicious or reckless conduct described in the paragraphs above, in amounts to be determined at trial.

J.    Grant such further relief as the Court deems necessary and proper.

K.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:  September 22, 2011

                                        Respectfully submitted,

                                        P. DAVID LOPEZ
                                        General Counsel

                                        GWENDOLYN YOUNG REAMS
                                        Associate General Counsel

                                        EQUAL EMPLOYMENT OPPORTUNITY
                                        COMMISSION
                                        1801 L Street, N.W.
                                        Washington, D.C.  20507

                                        */s/Medina for Mary Jo O'Neill*

MARY JO O'NEILL
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Phoenix District Office
3300 North Central Avenue
Suite 690
Phoenix, Arizona   85012

*/s/Medina for Rita Byrnes Kittle*
RITA BYRNES KITTLE
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO  80203
Fax: (303) 866-1375

*s/s/Loretta Medina*
LORETTA MEDINA
Senior Trial Attorney

CYNTHIA VIGIL
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
505 Marquette Ave NW, Suite 900
Albuquerque, NM  87102
(505) 248-5230
Fax: (505) 248-5217

Attorneys for Plaintiff EEOC