## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY )
   COMMISSION,                        )
                                     )
                   Plaintiff,     )
                                       )       CIV No.  1:11-cv-00849 JCH/KBM
                                       )
          v.                               )
                                       )
DXP ENTERPRISES, INC.,           )
D/B/A DXP SAFETY ALLIANCE, INC.   )
                                       )
                   Defendant.    )

---

## CONSENT DECREE

---

### I. RECITALS

**1.**       This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant, DXP Enterprises, Inc., doing business as DXP Safety Alliance ("DXP") unlawfully discriminated against Connie Brooks by discharging her because of her disability and/or because of the intersection of her disability and age, in violation of Title I of the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA).

**2.**       The Parties signatory hereto are the Plaintiff EEOC, and the Defendant DXP.

**3.**       The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

4.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5.      This Consent Decree does not constitute an admission by the Defendant of any violation of Title I of the ADA or the ADEA, nor does it constitute an adjudication on the merits of the allegations of the Complaint.  Defendant denies all of the allegations in the Complaint and further denies any wrongdoing or liability in this matter.

6.      For the purpose of amicably resolving disputed claims, the Defendant joins with the Commission in requesting this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.   JURISDICTION

7.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action, and have waived the entry of findings of fact and conclusions of law.

## III.   TERM AND SCOPE

8.      **Term:**  The duration of this Decree shall be two and one-half (2.5) years from the date of signing by the Court.

9.      **Scope:** The scope of this Decree shall apply to the DXP facilities located in, or that become operational during the term of this Decree in, Arizona, Colorado, and New Mexico as follows (the "Subject Facilities"):

- 2803 East Chambers Street, Phoenix, AZ;
- 2021 1st Avenue, Greeley, CO;
- 309 Commerce Dr., Ft. Collins, CO;
- 700 N. 9th Ave., Brighton, CO;
- 5720 N. Washington St., Denver, CO;
- 14452 W. 44th Ave., Golden, CO;
- 2323 Grand Park Dr., Grand Junction, CO; and
- 1678 Bloomfield Blvd., Farmington, NM.

## IV.  ISSUES RESOLVED

**10.**     This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a

complete resolution of all of the Commission's claims of unlawful employment practices under

the ADA and ADEA that arise from Charge of Discrimination Number 543-2008-00999, filed by

Connie Brooks.

**11.**     Defendant and its officers, agents, employees, successors, and all other persons in active

concert or participation with it, or them, will not interfere with the relief herein ordered, but shall

cooperate in the implementation of this Decree in full.

## V.     MONETARY RELIEF

**12.**     Judgment is hereby entered in favor of the Commission and against Defendant.

**13.**     Defendant will not condition the receipt of individual relief provided in this Consent

Decree upon Connie Brooks' agreement to: (a) maintain as confidential the terms of this Decree

or the facts of the case; or (b) waive her statutory right to file a charge with any federal or state

anti-discrimination agency; or (c) promise not to reapply for a position at DXP.

**14.**     To resolve these claims, Defendant shall pay a total of One Hundred and Twenty

Thousand Dollars and No/100 ($120,000.00) allocated as follows:

>    **14.1**     Brooks shall receive back pay of $20,000.00.

>    **14.2**     Brooks shall receive compensatory damages of $100,000.00.

The Commission retains the sole discretion to apportion amounts between back pay and

compensatory damages. Based on a W4 form provided by Ms. Brooks, Defendant shall make

appropriate deductions from the back pay portion of Ms. Brooks' settlement, and provide her a

letter or pay check stub itemizing the deductions. Defendant shall pay all employer-required

payroll taxes and shall not deduct its share from the payment for back pay. For amounts

designated as compensatory damages payable to Brooks, Defendant shall make no deductions, and shall issue a form 1099 to Brooks.

**15.**     The payments required under this Decree shall be mailed to the payee(s) within ten (10) days after the Court's entry of the Consent Decree, and mailed to the address provided by the EEOC.

**16.**     Within three (3) business days after payments are mailed to payee, Defendant shall submit to EEOC a copy of the checks issued.

### VI.     OTHER INDIVIDUAL RELIEF

**17.**     To the extent necessary, Defendant shall expunge from Connie Brooks' personnel files (a) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; (b) any and all references to Connie Brooks' participation in this action; and (c) any and all documents that refer, make reference to, or relate to any alleged performance deficiencies documented after Connie Brooks filed a charge of discrimination.

**18.**     Defendant shall expunge the termination from Connie Brooks' records and shall ensure that all of Defendant's records reflect that Connie Brooks voluntarily resigned from her employment.  Further, Defendant will provide a neutral letter of reference in the form attached as Exhibit A.

### VII.  EQUITABLE RELIEF

**A.     Injunctive Relief**

**19.**     Defendant, its officers, agents, successors and any other persons in active concert or participation with it or them, are permanently enjoined from engaging in any employment practice which constitutes discrimination on the basis of disability as defined by the Americans

with Disabilities Act and/or on the basis of age as defined by the Age Discrimination in Employment Act at the Subject Facilities.

**20.**     Defendant, its officers, agents, successors and any other persons in active concert or participation with it or them, are permanently enjoined from engaging in any practice that constitutes reprisal or retaliation against any person because of such person's opposition to a practice made unlawful under the Age Discrimination in Employment Act, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, as amended, the Equal Pay Act, or the Genetic Information Nondiscrimination Act of 2008 at the Subject Facilities.  Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of a violation of these statutes at the Subject Facilities.  Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action, nor  shall Defendant retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings at the Subject Facilities.

**B.**     **EEO Policy Review**

**21.**     Within sixty (60) days of the entry of this Decree, the Defendant shall, in consultation with an outside consultant experienced in the area of employment discrimination law ("Consultant"), review its existing EEO policies at the Subject Facilities to conform with the law and revise, if necessary.

**22.**     The written EEO policies must include at a minimum:

   **22.1.**   A strong and clear commitment to preventing unlawful disability and age

discrimination and retaliation;

**22.2.**   A clear and complete definition of disparate treatment based on disability or age and retaliation;

**22.3.**   A statement that discrimination based on disability, age, or retaliation is prohibited and will not be tolerated;

**22.4.**   A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

**22.5.**   The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination, harassment, or retaliation;

**22.6.**   An assurance that Defendant will investigate allegations of unlawful discrimination promptly, fairly, reasonably and effectively, using appropriate investigators, and that appropriate corrective action will be taken by Defendant to make victims whole and to eradicate the unlawful conduct;

**22.7.**   A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's anti-discrimination policies;

**22.8.**   A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment and/or retaliation; and

**22.9.**   An assurance of non-retaliation for persons who report unlawful discrimination, harassment and/or retaliation, and for witnesses.

**23.**   The written EEO policies reviewed and revised under Paragraphs 21 and 22 above shall be provided to all employees in the Subject Facilities within thirty (30) days of the expiration of the sixty (60) day review period provided for in section VII(B)(21), *supra.* The written EEO

policies shall be distributed to all new employees at the Subject Facilities when hired after that date. Defendant shall make the written EEO policies available at the Subject Facilities in alternative formats as necessary for persons with cognitive and print disabilities that may prevent them from reading the policies. Alternative formats will include but not be limited to an audiotape format.

**C.    Training**

**24**.    Defendant shall ensure that each of its employees at the Subject Facilities will undergo on-line training at least annually for the duration of this Decree, including each year of the Decree and the last one-half year of this Decree, in the following areas: (a) what constitutes employment discrimination, including disability and age discrimination; (b) what constitutes retaliation for complaining of, or participating in the investigation of, a complaint; (c) the Defendant's policy and procedures for reporting alleged discrimination, including clear instruction in how an employee is to notify Defendant if he or she has suffered from, or if they have witnessed, discrimination; (d) understanding the kind of conduct which may constitute unlawful discrimination or harassment; (e) the penalties of engaging in discriminatory behavior; (f) Defendant's non-retaliation policy; and (g) Defendant's procedures for handling accommodation requests (the "Required Training").   All training under this Paragraph 24 shall be at Defendant's selection and expense.  Additional training will be conducted as follows at least annually at the Subject Facilities for the duration of this Decree:

**24.1    Non-Managerial Employees**

Defendant will provide non-managerial employees at the Subject Facilities at least two (2) hours of Required Training per year, with at a minimum one (1) hour designated to covering disability discrimination, age discrimination and retaliation.  One hour of the required training

may be provided on-line. Additionally, Defendant will require new employees at the Subject Facilities to complete the requisite two (2) hours of training, within sixty (60) days of being hired. The two hours of training may be divided into sessions of thirty minutes or more, at the discretion of Defendant. Defendant will select a qualified trainer, such as a private trainer vendor, or pursuant to paragraph 24.3, a trained human resource official or trained and qualified manager to conduct this training for non-managerial employees. Required annual training hours during the last six months of the term of this decree shall be reduced by one-half.

### 24.2    Managerial, Supervisory, and Human Resources Employees

Defendant will require all individuals at the Subject Facilities who work in a managerial, supervisory, or human resources capacity or who have hiring, firing, or disciplining authority, to receive at least eight (8) hours of training annually regarding the Americans with Disabilities Act, the Age Discrimination in Employment Act and other federal anti-discrimination laws. Four of those hours shall incorporate the above requirements. In addition, Defendant shall designate at least two (2) of the four (4) hours to addressing specifically disability discrimination, age discrimination and retaliation. Defendant shall further designate at least two (2) of the remaining eight (8) hours for the instruction of managerial and supervisorial employees in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination. Defendant shall emphasize with managerial and supervisorial employees that, because of their position of power, such employees must be particularly vigilant not to discriminate, either consciously or because they rely on subconscious stereotypes; that they must to be sensitive of how their actions or words might be perceived by subordinate employees; and that they must avoid the temptation to retaliate if a complaint is made, or might be made, against them. Defendant will also require employees who are newly hired or promoted into a managerial

8

or supervisory position at the Subject Facilities to complete the requisite eight (8) hours of Required Training within sixty (60) days of being hired or promoted. Defendant will select a qualified trainer, such as a private trainer vendor, or pursuant to paragraph 24.3, or a trained and qualified human resource employee to conduct the training required by this paragraph. Required Training hours during the last six months of the term of this decree shall be reduced by one-half.

**24.3    Training the Trainers:** Any supervisor, manager, or human-resources employee at the Subject Facilities with responsibility for training other employees under Paragraphs 24.1 and 24.2 above, will be provided three (3) additional hours of training on the materials to be presented and the proper techniques for teaching the materials. The training under this Paragraph 24.3 must be provided by qualified outside vendors. Required Training hours during the last six months of the term of this decree shall be reduced by one-half.

**24.4    Training on Investigative Techniques:** All employees at the Subject Facilities with responsibility for responding to or investigating complaints of discrimination, shall be provided three (3) additional hours of annual training on accepted professional standards for receiving and investigating complaints of discrimination, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, legal analysis of the evidence, and methods for eliminating and ameliorating violations of antidiscrimination law. The training under this Paragraph 24.4. must be provided by outside vendors. Required Training hours during the last six months of the term of this decree shall be reduced by one-half.

25.    Defendant agrees that the Required Training required by paragraph 24 of this Decree will be completed in the first year of the Decree within one-hundred and eighty (180) days after the Court's entry of this Decree. In the second year of the Decree, the Defendant may conduct the

Required Training within at least 365 days of the last training session held pursuant to the Decree.  In the last six months of the Decree, Defendant may conduct the Required Training within at least 244 days of the last training session held pursuant to the Decree.  Defendant agrees that all the training obligations of paragraph 24 apply to each year of the Decree, including the last one-half year of the Decree. Defendant agrees that all personnel shall both register and attend the seminar training sessions.  In the semi-annual reports required under the Reporting provisions of this Decree, Defendant shall submit copies of the agenda of the on-line and other training programs, and identify the individuals or companies providing the on-line or other training.

**D.**     **Posting of Notice**

**26.**     Within five (5) business days after the Court's entry of this Consent Decree, Defendant shall post in a conspicuous place in each of the Subject Facilities, the Notice attached as Exhibit B to this Decree.  The Notice shall be the same type, style, and size as set forth in Exhibit B. The Notice shall remain posted for the duration of this Decree.  If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy.  Defendant shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provision of this Consent Decree.

## VIII.  Record Keeping and Reporting Provisions

**27.**     For the duration of this Consent Decree, Defendant shall maintain all records for the Subject Facilities concerning implementation of this Consent Decree, including all of the following:

**27.1**     Personnel files;

**27.2**   Payroll records;

**27.3**   Job Postings;

**27.4**   Work schedules; and

**27.5**   Complaints of disability or age discrimination and records documenting investigation of such complaints, including witness statements, documents compiled, findings, and remedial steps.

**28.**   The Commission shall have the right to interview any personnel employed by Defendant at the Subject Facilities for the purpose of determining Defendant's compliance with the terms of this Consent Decree.  The EEOC shall coordinate such interviews with Defendant upon adequate notice so as not to interfere with Defendant's business operations at the Subject Facilities.  To ensure the free flow of information and that all conversations remain confidential, Defendant is not entitled to have a representative present at the interview of non-managerial employees.

**29.**   Defendant shall provide semi-annual reports for each six month period following the entry of the Decree for the Subject Facilities.  The reports shall be due thirty (30) days following the respective six -month period.  However, the final report must be submitted to the Commission at least six (6) weeks prior to the date on which the Consent Decree is to expire.

**30.**   **Reporting Requirements:**  Each report required by paragraph 29  shall provide the following information:

**30.1.**   **Reports of Discrimination**

**30.1.1**   For purposes of this Paragraph 30, the term "report of discrimination" will include any written or verbal complaint at the Subject Facilities under Title I of the ADA or the ADEA which alleges discrimination, or the witnessing of discrimination, based on disability or perceived disability or age, the suffering or

witnessing of conduct which a supervisor or manager recognizes as presenting an allegation of disability, perceived disability or age discrimination, even if such terminology is not used by the complainant. The report will include:

a.   The name, address and telephone number of each person making a complaint of disability or age discrimination to Defendant or to any federal, state, or local government agency.

b.   The name, address and telephone number of each person identified as a potential witness to the incident of discrimination.

c.   A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.   Copies of all nonprivileged documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**30.2.   Complaints of Retaliation**

**30.2.1.**   For purposes of this Paragraph, the term "complaint of retaliation" will include any written or verbal complaint at the Subject Facilities which alleges retaliation for activity that is protected under the ADEA or Title I of the ADA, or alleges retaliation for conduct which the Defendant recognizes as protected activity under any of those statutes even if the complainant does not use such terminology. The report shall include:

a.   The name, address and telephone number of each person making a complaint of retaliation to Defendant or to any federal, state, or local government agency.

b.   The name, address and telephone number of each person identified as a potential witness to the incident of retaliation.

c.   A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.   Copies of all nonprivileged documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**30.3.   Training**

**30.3.1**  For each on-line or other training program required under Paragraph 24, and conducted by Defendant during the reporting period, Defendant shall submit a registry of attendance.

**30.3.2.**  For each training program conducted by a vendor not affiliated with Defendant, Defendant will identify the vendor and provide a copy of the program agenda.

**30.4.   Posting of Notice:**  Defendant shall recertify to the Commission that the Notice required to be posted under Paragraph 26 of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**30.5.   Policy Review:**  Defendant shall report on the status of the EEO policy review process required under Paragraphs 21-22, above.

## IX.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

31.     This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

32.     There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

33.     The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

34.     Absent extension, this Decree shall expire by its own terms at the end of the thirtieth month from the date of entry without further action by the Parties.

## X.  EEOC AUTHORITY

35.     With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI.  COSTS AND ATTORNEY'S FEES

36.     Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII.  NOTICE

37.     Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

For Plaintiff:

Loretta Medina
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New Mexico 87102-2189
Telephone: (505) 248-2530

For Defendant:

Victor P. Montoya

JACKSON LEWIS LLP
4300 San Mateo Blvd. NE, Suite B-260
Albuquerque, NM 87110
Telephone: (505) 878-0515


## XIII.  SIGNATURES

37.     The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this 1st day of February,  2012.


BY THE COURT:


_____

JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE


BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION


By:     _____s/_____
            Mary Jo O'Neill
            Regional Attorney

Date:   01/25/12

DXP ENTERPRISES, INC.


By:     _____s/_____
            Tracy Pawlak
     Vice President of Human Resources

Date:   01/09/12

APPROVED AS TO FORM:

_____          _____
Loretta Medina                     Victor P. Montoya
Senior Trial Attorney              JACKSON LEWIS LLP
                                   4300 San Mateo Blvd. NE
Christina Vigil                    Suite B-260
Trial Attorney                     Albuquerque, New Mexico 87110
                                   (505) 878-0515
EQUAL EMPLOYMENT OPPORTUNITY        Fax: (505) 878-0398
COMMISSION                         Email: montoyav@jacksonlewis.com
Albuquerque Area Office
505 Marquette NW, Suite 900        Attorneys for Defendant
Albuquerque, New Mexico 87102-2189
(505) 248-5230
Email:  loretta.medina@eeoc.gov

Attorneys for Plaintiff